CONSTANCE B. PRICE, RESPONDENT, *v.* WALTER W. PRICE, APPELLANT.

*Complaint — when contains but one cause of action.*

A complaint, containing allegations showing a series of fraudulent acts, necessary either to the statement of the cause of action or in aggravation of damages, by which the plaintiff has been induced to marry the defendant, contains but one cause of action.

APPEAL from an order made at the Kings County Special Term, denying the defendant's motion to require the alleged several causes of action in the complaint to be separately stated and numbered, and also, to strike out parts of the complaint. The complaint alleged :

1. That defendant married Susannah Butler, April 23d, 1839.

2. His separation from her May 31st, 1843, and emigration to the United States.

3. His marriage with Caroline Barton at New York, October 21, 1843, and their living together.

4. A suit by him (October, 1863) to annul this second marriage, on the ground that the first wife was alive.

5. A sentence of nullity (March, 1864), on that ground, adjudging the existence of the first wife as late as that time.

6. A clause in this decree to the effect " that he had the right to marry again." That this clause was so inserted by the procurement of defendant, with the intention of inducing her to believe that he had the right to marry again.

7. Plaintiff's information of the first marriage, and her belief that the first wife was dead; her knowledge of the second marriage.

8. His proposition of marriage to plaintiff in 1864, while she was under such belief, he well knowing that fact.

9. His representation to her at that time that the first wife was dead, that the second had become a bad woman, and that he had obtained a decree of divorce from her on that ground, which gave him the right to marry again; exhibiting the paper and reading to her the clause aforesaid. His assurances that he had the right to marry.

10. Her reliance upon his representations; her acceptance of and marriage with him July 1st, 1865.

11. Their cohabitation until October, 1871, and issue of said marriage.

12. The falsity of such representations, and his abandonment of the plaintiff.

13. Plaintiff's injury and damage resulting therefrom.

14. The defendant's pecuniary condition.

15. His application, in April, 1873, to declare her marriage invalid, on the ground that the first wife was alive; a decree establishing that fact as late as April, 1874, and adjudging said marriage void from that date.

16. An actual intent to cheat.

*Brown & Sheldon,* for the appellant.

*John L. Hill,* for the respondent.

DONOHUE, J.:

In this case the defendant moves to compel plaintiff to state causes of action separately; he assuming the complaint to contain different causes of action. He also asks other relief on his motion, all founded on the same theory. We think the motion must be denied. The complaint, from commencement to the end, contains but one cause of action, and that, for the wrong done the plaintiff by the deliberate fraud of the defendant, in obtaining a decree of divorce, such as he did against his second wife. The statement of the complaint must, for the purpose of the motion, be taken as true; and all the matters set up and needed, either to the statement of the cause, or in aggravation of the damages — all the matters of the covenant and contract on which the defendant lays stress — are so set out. There is but one cause of action in the complaint. The order should be affirmed.

Present — TAPPEN and DONOHUE, JJ.

Order affirmed, with costs.